**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | : | |
|---|---|---|
| HANEEF TAYLOR, | : | |
| | : | Civil Action No. 17-13369 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| CHARLES GREEN, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

IT APPEARING THAT:

1. On or about December 21, 2017, Plaintiff Haneef Taylor, who at the time he filed his complaint was a pre-trial detainee confined in the Essex County Correctional Facility, filed in this Court a complaint in which he sought to bring claims against several defendants related to the jail's alleged failure to provide him a diet in accord with his diagnosed medical needs pursuant to 42 U.S.C. § 1983. (ECF No. 1).

2. On March 3, 2018, this Court entered an order which screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and permitted it to proceed against Defendants Dr. Rizvi, Nurse Nicole, and a John Doe Kitchen Dietician only. (ECF No. 5). Plaintiff's remaining claims were dismissed. (*Id.*).

3. Plaintiff was thereafter provided with the forms he needed to fill out in order to have the U.S. Marshal's Office serve his complaint, which he returned to the Court on March 26, 2018. (ECF Nos. 6-7). The Marshal's Office thereafter served the complaint on Defendants Rizvi and Nicole. (ECF No. 11). The summons as to the John Doe Defendant was returned unexecuted.

(ECF No. 12).

4. On May 15, 2018, Defendants Rizvi and Nicole filed an answer to the complaint. (ECF No. 9). Defendants thereafter filed a motion to compel the deposition of Plaintiff on June 5, 2018, which Magistrate Judge Wettre granted on June 6, 2018. (ECF No. 13-14).

5. The clerk's office thereafter attempted to serve a copy of that order upon Petitioner by mail. (*See* ECF No. 15). That mailing, however, was returned to the Clerk of Court as undeliverable. (*Id.*). The envelope which was returned to the Clerk specifically states that Plaintiff was moved to "St[ate] prison" on "5-1-18." (*Id.*).

6. Plaintiff has failed to update the Court as to his change of address, which apparently occurred on May 1, 2018, and has not filed any documents with the Court since late March 2018. (ECF Docket Sheet).

7. On August 8, 2018, Defendants Rizvi and Nicole filed with the Court a motion seeking the dismissal of Plaintiff's complaint for failure to prosecute and failure to update his address pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 10.1(a) respectively. (ECF No. 16). The documents Defendants have submitted shows that several letters, filings, pleadings, and discovery requests sent to Plaintiff since May 1, 2018, have also been returned to Defendants undelivered marked with the same information – that Plaintiff was moved to state prison on May 1, 2018. (*See* Document 3 attached to ECF No. 16 at 1-3; Documents 5-9 attached to ECF No. 16).

8. A defendant may move to dismiss any action pursuant to Rule 41(b) "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). Dismissal, however, "is a drastic sanction and should be reserved for those cases where there is a

2

clear record of delay or contumacious conduct by the plaintiff." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 866 (3d Cir. 1984); *see also Cooper v. Atl. Cnty. Justice Facility*, No. 15-575, 2016 WL 155039, at *1-2 (D.N.J. Jan. 12, 2016). Dismissal may also be warranted, however, where a defendant fails to prosecute his claims, *see Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995), which includes not only affirmative delaying of a case but also the failure of a party to comply with court orders or discovery requests. *See Adams v. Trustees of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994). In determining whether dismissal of an action is warranted, courts look to six factors: (1) the extent of the non-moving party's personal responsibility, (2) the prejudice to the moving party, (3) whether there is a history of dilatoriness, (4) whether there has been bad faith or other willful conduct by the nonmoving party, the availability of alternative sanctions, and (6) the merit of the underlying claims. *Poulis* 747, F.2d at 868; *Cooper*, 2016 WL 155039 at *1-2. "Not all factors need be met for a district court to find dismissal is warranted." *Cooper*, 2016 WL 155039 at *2 (quoting *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988)).

9. In this matter, Plaintiff has not only failed to comply with the discovery requests and letters of Defendants, but also has failed to update the Court as to his current address. Pursuant to Local Civil Rule 10.1(a), unrepresented parties, including incarcerated Plaintiffs, have a duty to keep the Court and opposing parties apprised of their current mailing address, *Cooper*, 2016 WL 155039 at *2, and it "is logical to hold a pro se plaintiff personally responsible for delays in his case" arising out of his failure to perform actions required of him. *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008). Because Plaintiff has failed to update either the Court or Defendants as to his address as required by the local rules, the Court concludes that Plaintiff is personally

3

responsible for the current multi-month delay in this matter in so much as he has failed to provide an updated address more than four months after he was moved to state prison. *Id.* The first *Poulis* factor thus weighs in favor of dismissing this matter.

10. It is also clear that Defendants have been prejudiced in this matter insomuch as Plaintiff has failed to comply with their discovery requests and other attempts to defend this matter. Because the delay in this matter has been at least four months, this Court finds that the second *Poulis* factor weighs in favor of sanctioning Plaintiff, though less so than the first. The Third factor also weighs slightly in favor of sanctions up to and including dismissal as Plaintiff's failure to update the Court as to his address or otherwise respond is at least somewhat indicative of dilatory conduct, though the Court does not find this factor to have much weight in light of the limited history of this matter.

11. Both the fourth and sixth *Poulis* factors, however, weigh against sanctions insomuch as there is no clear evidence of bad faith or willful misconduct, and Plaintiff's current claims were of at least sufficient merit to survive screening. *See Poulis* 747 F.2d at 868-70.

12. Turning to the final factor, the consideration of alternative sanctions, this Court finds that as Plaintiff is an indigent *pro se* litigant, neither the imposition of fines nor costs to be appropriate alternative sanctions in this matter. *See, e.g., Briscoe*, 858 F.3d at 262-63 (fines and fees inappropriate sanctions in matter involving pro se plaintiff proceeding *in forma pauperis*). As such, the Court finds only two available sanctions – dismissal of Plaintiff's complaint either with or without prejudice. *Id.* As Plaintiff's failing amounts to his own delay in updating the Court and counsel as to his address and his failure to otherwise pursue this matter, this Court finds that dismissal with prejudice too harsh a sanction to impose here. Because no other applicable

alternative is readily available, and as this Court finds that the weight of the remaining factors clearly favor the dismissal of this action without prejudice, this Court will grant Defendants motion and dismiss Plaintiff's complaint without prejudice for failure to prosecute.

13. In conclusion, Defendants' motion (ECF No. 16) is GRANTED and Plaintiff's complaint (ECF No. 1) shall be DISMISSED WITHOUT PREJUDICE. An appropriate order follows.

Dated: September 5, 2018  *s/ Susan D. Wigenton*  
Hon. Susan D. Wigenton,  
United States District Judge